IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Barbara R. Campbell, Personal Representative of the Estate of Richard J. Johnson, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 6:09-cv-02188-JMC |
| v. | ) ) | **OPINION AND ORDER** |
| City of Fountain Inn, Fountain Inn Police Department, Travis Graham, Brian Steele, and John Doe, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Defendants City of Fountain Inn, Fountain Inn Police Department ("FIPD"), Travis Graham ("Graham"), and Brian Steele's ("Steele") Motion for Summary Judgment [Doc. 25]. Based on the record before this court, Defendants' motion is granted as to Plaintiff's claims under 42 U.S.C. § 1983, and this matter is remanded to state court for resolution of any state law claims.

**FACTUAL AND PROCEDURAL BACKGROUND**

The decedent, Richard Javis Johnson ("Mr. Johnson"), was arrested by Graham and Steele, officers of FIPD, on July 29, 2007. At the time of his arrest, Mr. Johnson was intoxicated. An autopsy report indicates that at the time of his death, Mr. Johnson was acutely intoxicated with alcohol, cocaine, and marijuana [Doc. 25-1]. After his arrest, Mr. Johnson was transported to FIPD headquarters. Upon his arrival at FIPD headquarters, officers placed Mr. Johnson in a cell. Mr.

Johnson was instructed to remove his socks, shorts, belt, shirt, and necklace. Graham and Steele then left Mr. Johnson unattended in the cell with access to his shorts, shirt, and socks. Mr. Johnson remained unattended while Graham and Steele interviewed another detainee, catalogued evidence, and filled out fingerprint cards. When Graham and Steele returned to Mr. Johnson's cell, Mr. Johnson was hanging from the cell bars by his shirt. Mr. Johnson was later pronounced dead. An autopsy report indicates the manner of death to be suicide [Doc. 25-1]. Specifically, the report indicates that Mr. Johnson died of asphyxia due to hanging, with acute intoxication from alcohol, cocaine, and marijuana to be a contributing factor.

Plaintiff, Barbara R. Campbell ("Plaintiff"), personal representative of Mr. Johnson's estate, filed this lawsuit alleging wrongful death and survival causes of action against Defendants for violation of Mr. Johnson's civil rights and gross negligence. More specifically, Plaintiff alleges that Defendants were deliberately indifferent to Mr. Johnson's serious medical needs in violation of his Fourteenth Amendment right to due process and were grossly negligent in failing to provide mental health care, monitoring, and protection to Mr. Johnson during his detainment.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

**I. Deliberate Indifference**

Plaintiff brings a section 1983 claim against Defendants. Section 1983 is the federal provision permitting a civil action for the deprivation of federally guaranteed rights. Section 1983 allows a citizen, or other person within the jurisdiction of the United States, to bring suit against any person acting under the color of law, whether state or federal, for depriving him of rights secured by the United States Constitution. *See* 42 U.S.C. § 1983. This includes police officers employed by municipalities. *See Monell v. Dept. of Soc. Serv. Of City of N.Y.*, 436 U.S. 658 (1978). Section 1983 does not confer a substantive right, rather it provides a "method for vindicating federal rights

elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The first step in analyzing a section 1983 claim is to identify the federal right that has allegedly been infringed. *Id.* Plaintiff alleges that Defendants violated Mr. Johnson's rights under the Fourteenth Amendment through indifference to his serious medical needs.

A prison official's deliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause of the Fourteenth Amendment.[1] *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). Serious medical needs may include serious psychological needs such as a desire to commit suicide. *See, e.g.*, *Gordon v. Kidd*, 971 F.2d 1087 (4th Cir. 1992). In order to establish deliberate indifference to a serious medical need, Plaintiff must show that Defendants were "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also drew the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, the failure to identify a risk that should have been perceived is not sufficient to establish deliberate indifference. *See id.* Likewise, there is no liability for deliberate indifference where a defendant "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844.

---

[1] The Supreme Court has held that a prison official's deliberate indifference to the serious medical needs of a prisoner is a violation of the Eighth Amendment of the United States Constitution. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). The Eighth Amendment protects from cruel and unusual punishment of prisoners. U.S. Const. amend. VIII. Based upon Mr. Johnson's status as a pretrial detainee at the time of the alleged incident, Mr. Johnson's rights would be protected under the Fourteenth Amendment rather than the Eighth Amendment; however, he would be entitled to at least the same protection under the Fourteenth Amendment as a convicted prisoner would receive under the Eighth Amendment. *Young*, 238 F.3d at 575. Thus the same analysis may be used in addressing the Fourteenth Amendment protection as would be used in addressing protection under the Eighth Amendment.

Furthermore, a municipality may only be found liable under section 1983 where the municipality actually caused the violation. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691-725 (1978). "The initial inquiry is whether there is a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Millmine v. Cnty. of Lexington*, C.A. No. 3:09-1644-CMC, 2011 WL 182875, at *3 (D.S.C. Jan. 20, 2011) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Defendants argue that they are entitled to summary judgment on Plaintiff's deliberate indifference claims because Graham and Steele's actions did not constitute deliberate indifference to a serious medical need. Plaintiff alleges that Graham and Steele were deliberately indifferent in failing to classify Mr. Johnson as intoxicated, failing to adequately monitor Mr. Johnson, and failing tor remove Mr. Johnson's personal clothing, which he used to assist in his suicide. However, "the general right of pretrial detainees to receive basic medical care does not place upon jail officials the responsibility to screen every detainee for suicidal tendencies." *Belcher v. Oliver*, 898 F.2d 32, 34-35 (4th Cir. 1990). There can be no liability for inadequate medical care where there is no objective evidence that Mr. Johnson had a serious need for such care. *See id.* at 35. While Plaintiff alleges that Mr. Johnson was visibly intoxicated—exhibiting slurred speech, mood swings, and an unsettled mind—Plaintiff does not allege or present evidence that Mr. Johnson exhibited any behavior that would have placed Defendants on notice that Mr. Johnson was at risk of committing suicide. Plaintiff further argues that Graham and Steele were deliberately indifferent in allowing Mr. Johnson access to the clothing that he later used to assist in his suicide. Plaintiff alleges that such allowance

5

was in non-compliance with official policy.[2]  However, even if allowing Mr. Johnson to keep his shirt was a contradiction of official policy, at most, such conduct would amount to negligence, which is insufficient to establish deliberate indifference.  *See Belcher,* 898 F.2d at 35.

Defendants also argue that the City of Fountain Inn and FIPD should be dismissed from this action because Plaintiff has not pled the existence of an official policy or custom with a direct causal link to the alleged constitutional deprivation.  While Plaintiff alleges that Defendants failed to adhere to policies set forth in FIPD's Manual of Policies and Procedure, Plaintiff has not provided the court with evidence that these policies actually exist.  Even so, Plaintiff fails to allege that there was a causal link between the existence of the alleged policies and Mr. Johnson's death.  Furthermore, because the court has found that Graham and Steele's actions did not amount to a constitutional violation, the court need not address the question of whether a municipal policy or custom was responsible for the actions.  *See Belcher,* 898 F.2d at 36.

Alternatively, Defendants argue that they are entitled to qualified immunity.  Upon finding that Defendants are entitled to summary judgment on Plaintiff's section 1983 claims, the court declines to address Defendants' argument regarding qualified immunity.  Therefore, Defendants' motion for summary judgment regarding Plaintiff's deliberate indifference claims is granted.

## II. Gross Negligence

Plaintiff brings wrongful death and survival causes of action against Defendants based on gross negligence.  Defendants argue that they are entitled to summary judgment on these claims because their actions were not grossly negligent.  Alternatively, Defendants argue that the City of Fountain

---

[2] In Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment [Doc. 35], Plaintiff cites to various alleged policies and procedures of FIPD; however, Plaintiff has not provided evidence of such policies and procedures to the court.

Inn and FIPD are not liable for gross negligence because Mr. Johnson's death was not a result of a policy or custom implemented by the City of Fountain Inn or FIPD. However, this court determines that it is unnecessary to address Defendants' arguments because it has granted summary judgment in favor of Defendants on each of the federal claims asserted by Plaintiff. Therefore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants, *see* 28 U.S.C. § 1367(c), and remands this matter to state court for resolution of any state law claims.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 25] is **GRANTED** with respect to Plaintiff's Fourteenth Amendment claims. Furthermore, with respect to Plaintiff's state law claims for gross negligence, the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, this matter is remanded to the Greenville County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 20, 2011
Greenville, South Carolina